# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DEXTER S. C. FARLOUGH,

                Plaintiff,

    v.

LT. GARCIA, et al.,

                Defendants.

_____/

CASE NO. 1:07-cv-00970-LJO-GSA PC

ORDER DISMISSING COMPLAINT, WITH
LEAVE TO AMEND, FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED UNDER SECTION 1983

(Doc. 1)

ORDER DENYING MOTION FOR LEAVE TO
AMEND AS MOOT

(Doc. 10)

### Screening Order

       Plaintiff Dexter S. C. Farlough ("Plaintiff") is a state prisoner proceeding pro se and in forma
pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July
6, 2007.  On November 15, 2007, Plaintiff filed a motion seeking leave to amend.  For the reasons
set forth herein, Plaintiff's complaint shall be dismissed with leave to amend.  Plaintiff's motion to
amend is therefore rendered moot and will be denied on that ground

## I.   Screening Requirement

       The Court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4          "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

6    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

7    plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

8    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

9    grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

10   standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

11   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

12   of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

13   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14   **II.**    **Plaintiff's Claims**

15         **A.**    **Plaintiff's Allegations**

16         Plaintiff is incarcerated at Avenal State Prison, where the claims in this action allegedly

17   accrued.  Plaintiff is seeking unspecified relief against Warden Kathy Mendoza-Powers, Lt. Garcia,

18   Sgt. Blackford, Sgt. Sanchez, Correctional Officer Statler, J. Leavitt, R. Heffley, and R. Gentert.

19         Plaintiff alleges that Defendants Garcia and Heffley falsified government documents,

20   engaged in harassment and retaliation, and threatened harm.

21         Plaintiff alleges that Defendant Leavitt withheld legal mail, set up an attack, and obstructed

22   justice.  Plaintiff alleges that Defendant Leavitt was handing out legal mail when Plaintiff signed for

23   two pieces of mail but only received one.  Plaintiff alleges that Defendant tried to spray him in the

24   eye with mace, and deliberately withheld a piece of mail "due to the inmate various 602's Inmate

25   Appeals on this sort of conduct & abuse of Powers, Corruptions, and Police Brutalities that go on

26   here at Avenal State Prison."  (Doc. 1, pg. 4.)  Plaintiff alleges that in an attempt to cover up

27   wrongdoing, Leavitt called Defendant Heffley after hours and got him to assist in work change.

28   Plaintiff alleges he was called into the office and harassed and questioned for no reason at all.

2

Plaintiff alleges that excessive force was used, which aggravated his disability as pressure was applied to his wrist, neck, and back.

Plaintiff alleges a claim against Defendant Statler for denial of access to the courts stemming from not being allowed to mail legal documents off before deadlines, and alleges claims for attempted assault and unsafe conditions.

Plaintiff alleges claims against Defendants Blackford and Sanchez for stalking, harassment, and condoning misconduct.

Finally, Plaintiff alleges Defendant Gentert attempted to incite a riot, and placed him in "a[n] imminent situation" by telling another inmate about the "situation" between Gentert and Plaintiff. (Doc. 1, pg. 5.)  Plaintiff further alleges that his name was taken off legal mail, he was not given a pen to sign for the outgoing legal mail, and threats, retaliation, and other combative behaviors have been building up.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In this instance, with the exception of the use of force, Plaintiff has not alleged any facts supporting his claims and the Court is utterly unable to discern what actions Defendants took that allegedly rose to the level of constitutional violations.  Vague assertions of retaliation, harassment, endangerment, etc. are insufficient to support a claim that Plaintiff's rights under federal law were violated.  In the subsections that follow, the Court will provide Plaintiff with the legal standards that appear to govern his potential legal claims.  Plaintiff will be provided with one opportunity to amend.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**B.     Potential Legal Claims**

    **1.     Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

1  . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

2  and citations omitted). Not "every malevolent touch by a prison guard gives rise to a federal cause

3  of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments

4  necessarily excludes from constitutional recognition de minimis uses of physical force, provided that

5  the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal

6  quotations marks and citations omitted). "[T]he core judicial inquiry is . . . whether force was

7  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

8  cause harm." Id. at 7.

9      Although the Court is able to determine that Plaintiff is alleging the use of excessive physical

10 force, it is unclear which Defendant used the force and Plaintiff's allegations fall short of supporting

11 a claim that the force used rose to the level of sadistic and malicious.

12                    **2.      Harassment, Threats, and Retaliation**

13     Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under

14 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not

15 rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

16 However, allegations of retaliation against a prisoner's First Amendment rights to speech or to

17 petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th

18 Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland,

19 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

20 retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

21 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

22 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

23 a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

24                        **3.      Mail Tampering**

25     Isolated incidents of mail interference or tampering will not support a claim under section

26 1983 for violation of Plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d.

27 Cir. 2003);  Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d

28 940, 944 (10th Cir. 1990).

1

### 4.   Denial of Access to the Courts

2    Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

3   U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

4   petitions, and civil rights actions.  Id. at 354, 2181-82.  Claims for denial of access to the courts may

5   arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

6   access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

7   claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For

8   backward-looking claims, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable'

9   underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded

10  as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070,

11  1076 (9th Cir. 2007).

12

### 5.   Unsafe Conditions of Confinement

13    "The Eighth Amendment's prohibition against cruel and unusual punishment protects

14  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

15  confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions

16  of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and

17  unnecessary infliction of pain.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.

18  2392 (1981)).  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

19  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112

20  S.Ct. 995 (1992).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment]

21  conditions-of-confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim,

22  "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses

23  against society, only those deprivations denying the minimal civilized measure of life's necessities

24  are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and

25  citations omitted).

26    Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

27  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

28  serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference

standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45

**III.   Conclusion**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

6

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

2   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

3   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

4   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

5   complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

6   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

7   1474.

8    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

9   1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

10   2.    Plaintiff's motion seeking leave to file an amended complaint, filed November 15,

11         2007, is DENIED as moot;

12   3.    The Clerk's Office shall send Plaintiff a complaint form;

13   4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

14         amended complaint;

15   5.    Plaintiff may not add any new, unrelated claims to this action via his amended

16         complaint and any attempt to do so will result in an order striking the amended

17         complaint; and

18   6.    If Plaintiff fails to file an amended complaint, the Court will recommend that this

19         action be dismissed, with prejudice, for failure to state a claim.

20

21

22   IT IS SO ORDERED.

23   Dated:   **April 2, 2008**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28