# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER S. C. FARLOUGH, | CASE NO. 1:07-cv-00970-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| LT. GARCIA, et al., | (Doc. 15) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**Findings and Recommendations Following Screening of Amended Complaint**

Plaintiff Dexter S. C. Farlough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 6, 2007. On April 4, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 2, 2008.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

9  standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

10 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

11 of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

12 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **II.    Plaintiff's Claims**

14      **A.    Plaintiff's Allegations**

15      The events at issue in this action occurred at Avenal State Prison, following Plaintiff's

16 transfer there in October of 2006.  On August 28, 2008, Plaintiff notified the Court of his transfer

17 to the Sierra Conservation Center in Jamestown.

18      In its first screening order, the Court summarized Plaintiff's allegations at length, and

19 provided Plaintiff with the detailed legal standards that were applicable to what appeared to be

20 Plaintiff's claims.  In the order, the Court stated:

21      Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
       right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127
22     S.Ct. 1955, 1965 (2007) (citations omitted).  *In this instance, with the exception of*
       *the use of force, Plaintiff has not alleged any facts supporting his claims and the*
23     *Court is utterly unable to discern what actions Defendants took that allegedly rose*
       *to the level of constitutional violations.*  Vague assertions of retaliation, harassment,
24     endangerment, etc. are insufficient to support a claim that Plaintiff's rights under
       federal law were violated.  In the subsections that follow, the Court will provide
25     Plaintiff with the legal standards that appear to govern his potential legal claims.
       Plaintiff will be provided with one opportunity to amend.  Plaintiff may not change
26     the nature of this suit by adding new, unrelated claims in his amended complaint.
       George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

27
   (Doc. 123:13-23) (emphasis added).

28
                                          2

1     Plaintiff's amended complaint is virtually identical to the original complaint. As with the

2 original complaint, Plaintiff's vague and conclusory allegations are insufficient to give rise to any

3 claims for relief under section 1983.

4     Specifically, Plaintiff's allegation that he signed for two pieces of mail but was only given

5 one by Defendant Leavitt is not sufficient to support a First Amendment claim for interference with

6 incoming mail. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident not usually

7 sufficient to show constitutional violation); also Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.

8 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Plaintiff's allegations that Defendant

9 Leavitt tried to spray him with mace, and applied pressure to Plaintiff's right wrist, neck, and back

10 are not sufficient to support a claim that Defendant violated the Eighth Amendment by acting

11 sadistically and maliciously for the very purpose of causing harm. Hudson v. McMillian, 503 U.S.

12 1, 7, 112 S.Ct. 995 (1992). Plaintiff's allegation that Defendant Statler denied him access to the

13 courts by not allowing him to mail his documents prior to deadlines does not state a claim because

14 Plaintiff has alleged no facts supporting a claim that he suffered an actual injury to a criminal appeal,

15 habeas petition, or civil rights action as a result of Statler's conduct. Lewis v. Casey, 518 U.S. 343,

16 354-55, 116 S.Ct. 2174, 2177 (1996). Finally, Plaintiff 's conclusory allegations that Defendant

17 Statler is responsible for attempted assault on a prisoner and unsafe conditions, and Defendants

18 Blackford and Sanchez are responsible for stalking, harassment, and condoning misconduct do not

19 give rise to claims for relief. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

20 **III.**   **Conclusion and Recommendation**

21     Plaintiff's amended complaint, which is virtually identical to his original complaint, does not

22 state any claims under section 1983. Plaintiff was previously given leave to amend to cure these

23 deficiencies and failed to do so. Therefore, the Court recommends dismissal of this action with

24 prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

25     The Court notes that in his amended complaint, Plaintiff discusses his exposure to an inmate

26 with tuberculosis while at California State Prison-Lancaster. The Court does not construe the

27 amended complaint as raising any claims based on the events at Lancaster and therefore, the

28 dismissal of this action has no effect on any claims that might have arisen out of events at that

prison.  Venue for those claims is proper in the Central District of California and must be raised in an action filed there, should Plaintiff choose to pursue those claims.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state any claims under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 7, 2008**              _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE

4