1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   DEXTER S. C. FARLOUGH,                    CASE NO. 1:07-cv-00970-LJO-GSA PC

10                         Plaintiff,         ORDER REJECTING PLAINTIFF'S
                                              PROPOSED SECOND AMENDED
11       v.                                   COMPLAINT, AND DIRECTING THE
                                              CLERK'S OFFICE TO SCAN IT FOR THE
12   LT. GARCIA, et al.,                      RECORD AND RETURN IT TO PLAINTIFF

13                         Defendants.        ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, AND DISMISSING
14                                            ACTION, WITH PREJUDICE, FOR FAILURE
                                              TO STATE A CLAIM UPON WHICH RELIEF
15                                            MAY BE GRANTED

16                                            (Docs. 15 and 19)

17   _____/

18       Plaintiff Dexter S. C. Farlough ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

21       On October 7, 2008, the Magistrate Judge screened Plaintiff's amended complaint pursuant

22   to 28 U.S.C. § 1915A, and issued a Findings and Recommendations recommending dismissal of this

23   action, with prejudice, for failure to state a claim upon which relief may be granted.  Plaintiff timely

24   filed an Objection to the Findings and Recommendations on October 22, 2008, and, without leave

25   of court, submitted a proposed second amended complaint on October 24, 2008.

26       This action was filed on July 6, 2007.  (Doc. 1.)  As alleged in the amended complaint,

27   Plaintiff was transferred to Avenal State Prison on or around October 3, 2006.  (Doc. 15, court record

28   pg. 5.)  On February 14, 2007, Plaintiff's legal mail was returned to the court and on February 27,

1   2007, Defendant Leavitt withheld a piece of Plaintiff's mail, and tried to spray Plaintiff with mace.

2   (Id., pg. 3.) The proposed second amended complaint, which was submitted without explanation and

3   without leave of court, starts out with a description of events which occurred on November 28, 2006,

4   during which Plaintiff was pepper sprayed. (Proposed 2nd Amend. Comp., pg. 2.) These allegations

5   were not raised in the first amended complaint, and do not support any viable claims for relief in any

6   event because they do not adequately link actions or omissions of named defendants to any violation

7   of Plaintiff's constitutional rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).

8        Plaintiff next describes events which occurred in 2008. (Id., pg. 3, ¶8.) Any claims based

9   on those events may not be raised in this action. Pursuant to the Court's order of April 4, 2008,

10  Plaintiff was specifically precluded from altering the nature of this action by adding new, unrelated

11  claims. (Doc. 12, 7:15-17.) Further, any claims accruing in 2008 must be raised in a new action

12  because of the requirement that exhaustion occur prior to filing suit. Woodford v. Ngo, 548 U.S. 81,

13  126 S.Ct. 2378, 2383 (2006) (claim exhaustion must occur prior to filing suit); Harris v. Garner, 216

14  F.3d 970, 982 (11th Cir. 2000) (In a "conflict between Federal Rule of Civil Procedure 15 and the

15  PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict."); also

16  Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003).

17       Finally, Plaintiff describes events arising out of his "arrest" on July 25, 2007, which occurred

18  after this suit was filed. (Proposed 2nd Amend. Comp., pg. 5.) As set forth above, those events

19  constitute new claims, which are precluded under the Court's order and the requirement that

20  exhaustion occur prior to filing suit.

21       In conclusion, Plaintiff's proposed second amended complaint does not cure the deficiencies

22  identified by the Court in its order of April 4, 2008, and also improperly raises new claims. Plaintiff

23  may not avoid dismissal of this action based on the submission of the proposed second amended

24  complaint. It shall be scanned for the record, but rejected and returned to Plaintiff unfiled.

25       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

26  de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings

27  and Recommendations to be supported by the record and by proper analysis. Although Plaintiff

28  objects to the recommendation, Plaintiff's Objection sets forth nothing further than a bare objection

and request for de novo review.  As a result, the Objection provides no basis for rejecting the Magistrate Judge's recommendation.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's proposed second amended complaint, submitted October 24, 2008, is rejected;

2.  The Clerk's Office shall docket Plaintiff's proposed second amended complaint as lodged, and shall scan it for the record and return it to Plaintiff;

3.  The Findings and Recommendations, filed October 7, 2008, is adopted in full;

4.  This action is dismissed, with prejudice, for failure to state any claims under section 1983; and

5.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:    October 29, 2008**                            **/s/ Lawrence J. O'Neill**
                                                                          UNITED STATES DISTRICT JUDGE

3